JUL 19 2013

MAHALA N. SALAZAR
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LOWNDES COUNTY
STATE OF MISSISSIPPI

FILED
SEP 03 2013
DAVID CREWS, CLERK
By D Houston Deputy

| | |
|---|---|
| CICELY HOPKINS AND KRISTEN SMITH | PLAINTIFFS |
| V. | CAUSE NO. 2013-0093-CV1C |
| LOWNDES COUNTY SHERIFF DEPARTMENT; LOWNDES COUNTY CHANCERY CLERK; LOWNDES COUNTY; DEPUTY ROBBIE ROBERTSON & JOHN DOES 1-10 | DEFENDANTS |

1:13CV162-A-S

## COMPLAINT
### (TRIAL BY JURY REQUESTED)

COMES NOW, Plaintiffs Cicely Hopkins and Kristen Smith, by and through counsel, files this Complaint against the above named Defendants and would state as follow:

### I.

### INTRODUCTION

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Mississippi governmental tort liability statutes; under Miss. Code Ann. §11-46-1, et seq., and under Mississippi common law for intentional and/or negligent infliction of emotional distress, negligence, negligent supervision, gross negligence, assault and battery, and civil conspiracy.

While the individual Defendants were acting in the scope of their employment and under color of state law when, they assaulted and battered the

Plaintiffs through the excessive use of force used against them. The Defendants' actions caused permanent emotional and physical injury to the Plaintiffs.

## II.

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action, and venue is properly set in this Court pursuant to Mississippi Code Annotated §11-11-3, which provides for venue in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

2. The causes of action alleged herein arise from factual allegations occurring in Lowndes County, Mississippi.

## III.

## PARTIES

3. Plaintiffs Cicely Hopkins and Kristen Smith are adult resident citizens of Lowndes County in the State of Mississippi.

4. Defendant Lowndes County Sheriff Department ("LCSD") is a local law enforcement entity located in Columbus, Mississippi and may be served with process on it's the sheriff: Mike Alredge and the Chancery Clerk of Lowndes County.

5. Defendant Lowndes County Chancery Clerk is a court of record for Lowndes County, Mississippi located in Columbus, Mississippi and may be served with process on the Chancery Clerk, Lisa Younger Neese, whose address is 505 2nd Avenue North, Columbus, MS 39701.

6. Defendant Lowndes County is a county and local government in Mississippi and may be served with process on the Chancery Clerk.

7. Defendant Deputy Robbie Robertson is a resident of Lowndes County, Mississippi.

8. Upon information and belief, the Defendant, Deputy Robbie Robertson is a citizen and resident of Lowndes County, Mississippi, and was at all times material to the allegations in this Complaint, acting in his capacity as an employee of the Lowndes County Sheriff's Department located at 527 Martin Luther King Jr. Drive S, Columbus, Mississippi 39701 and was acting under color of state law.

9. Defendant John Does 1-10 are persons or entities whose identities are unknown at this time, but when those parties' true identities is discovered, the pleadings will be amended by substituting their true names and giving proper notice to these parties pursuant to M.R.C.P. 9. These Defendants consist of other employees or agents of the Lowndes County or other individuals, whether singular or plural, or who use of excessive force caused, or violated constitutional rights contributed to cause the Plaintiffs injuries and damages.

## IV.
## FACTS

10. On July 21, 2012, Plaintiffs Cecily Hopkins and Kristen Smith were driving home from work and were stopped by Deputy Robbie Robertson for speeding.

11. While being arrested and placed in handcuffs by Deputy Robertson, Plaintiff Cecily Hopkins was slammed to the ground where she landed on her face and stomach by Deputy Robertson and then was placed in a head lock that hindered her breathing. Two unidentified deputies arrived on the scene to assist Deputy Robertson.

12. Among other things, Robertson used Hopkins body as leverage to help her stand up. Plaintiff Cecily incurred abrasions and contusions in multiple locations. The Deputies then arrested Kristen Smith who was a bystander. She filmed the entire incident on her phone, and upon arrest both their phones were take only to be returned with the video deleted.

13. None of the other deputies present made any move to stop the constitutional violations that were occurring against Cecily Hopkins. The actions of Defendant violated clearly established and well-settled federal constitutional rights to be free from the use of excessive force.

14. At all relevant times, Plaintiff's hands were restrained and she was unable to defend herself from the attack or brace her fall from being slammed onto the ground by the Defendant.

17. At no time during the above-mentioned attack did the Plaintiff initiate any physical contact with Defendant Robertson to provoke this attack.

18. At all relevant times, Defendant Robertson, was an employee and/or agents of the Lowndes County Sheriff's Department. .

19. Defendant Robertson was aware or should have been aware the restraint of citizens requires special procedures, policies, and customs to be used so as to not unnecessarily harm the citizens in their custody. The failure to promulgate and implement such procedures, policies, or customs caused the perpetuation of procedures, policies or customs leading directly to the use of excessive and unreasonable force against Hopkins.

21. The Defendant, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Plaintiff of her right to freedom from illegal and excessive use of force. All of these rights are secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

22. The Defendant, the Lowndes County Sheriff's Department, failed to adequately supervise the Defendant, Deputy Robbie Robertson.

23 As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff sustained mental and physical pain and suffering and injury in an amount that will be established at trial.

24. As a further direct and proximate result of the intentional and/or negligent acts of the Defendant.

25. Plaintiff is entitled to compensation for the constitutional harms the Defendants inflicted upon him.

26. Plaintiff is entitled to compensation pursuant to Miss. Code Ann. §11-46-1, et seq. and the Mississippi Tort Claims Act ("MTCA") for harms inflicted upon them by the Defendants.

## V.

## CAUSES OF ACTION

### COUNT I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

27. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

28. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to the right to be free from excessive use of force by persons acting under color of state law.

29. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and used excessive force against Plaintiff, in violation of Plaintiff rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct and proximate result of the violation of her constitutional rights by the Defendant, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

31. The conduct of Defendant was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

32. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

33. Defendant Deputy Robbie Robertson, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Lowndes County Sheriff's Department to use excessive force where less sever alternatives existed.

34. The failure of Defendant Lowndes County Sheriff's Department to adequately train and supervise the Defendant Robbie Robertson amounts to deliberate indifference to the rights of Cecily Hopkins to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

35. As a result of this deliberate indifference to rights, Hopkins suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

36. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to, the right to be free from excessive use of force by persons acting under color of state law.

## COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
(Use of Excessive Force)

37. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

38. The Defendant, the Lowndes County Sheriff's Department, has adopted policies, procedures, practices or, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

## COUNT IV
### (Negligence)
### Mississippi Tort Claims Act
**Pursuant to MCA 11-46-1 et seq. and Mississippi Common Law**

39. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

40. Each owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

41. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## COUNT VI
### Mississippi Common Law
### (Assault and Battery)

42. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

43. Plaintiff avers that the actions of the Defendants breached a duty of care owed to Plaintiff to not assault her or cause her physical harm or injury, except to the extent allowed by law.

44. Plaintiff avers that the Defendants knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, committed battery upon Plaintiff by slamming her down onto the ground while Plaintiff was restrained in handcuffs.

45. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered both physical and mental injuries and are entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff demands:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

3. That Plaintiff be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for her physical and mental pain and suffering, both past and future; permanent injury and disability; medical expenses, both past and future.

4.  That Plaintiff be awarded punitive damages against the Defendants.

5.  That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

6.  That the Plaintiff receive any other further and general relief to which it may appear they are entitled.

7.  A jury for the trial of this matter.

DATED:   JULY 17, 2013

Respectfully submitted,

CECILY HOPKINS &
KRISTEN SMITH

By: _____
Jeffrey J. Hosford

Jeffrey J. Hosford
Hosford Law Firm
115-A S Lafayette
Starkville, MS 39759-2946
T: (662) 323-0844
F: (662) 323-5560
jeffhosford@gmail.com

**ATTORNEY FOR THE PLAINTIFF**