IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CICELY HOPKINS and KRISTEN SMITH                                    PLAINTIFFS

V.                                                  CAUSE NO.: 1:13CV162-SA-DAS

LOWNDES COUNTY SHERIFF DEPARTMENT;
LOWNDES COUNTY CHANCERY CLERK;
LOWNDES COUNTY; DEPUTY ROBBIE ROBERTSON;
and JOHN DOES 1-10                                                  DEFENDANTS

MEMORANDUM OPINION

Defendants have filed a Motion for Summary Judgment [16] premised on immunity and the Heck v. Humphrey doctrine, as well as a Motion to Dismiss [19] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs failed to respond to these motions. After reviewing the motions, authorities, exhibits, and pleadings, the Court finds as follows:

*Factual and Procedural Background*

Cicely Hopkins was pulled over for speeding by Corporal Robbie Robertson in July of 2012 for going 74 miles per hour in a 55 miles per hour zone. Kristen Smith was a passenger in Hopkins' vehicle at the time. Robertson arrested Hopkins for driving with a suspended license and resisting arrest. He also cited her for speeding and driving without insurance. Kristen Smith allegedly recorded on her smart phone the interaction between Hopkins and Robertson and Hopkins' subsequent arrest. After Hopkins' arrest, Robertson advised Smith that he would have to confiscate the cell phone as evidence to the incident. When Smith refused, Robertson grabbed the phone and arrested Smith for disorderly conduct for interfering with the duties of a police officer. The cell phones were returned to Hopkins and Smith after they were released from jail.

Hopkins was found guilty of speeding, driving with a suspended license, and resisting arrest in the Lowndes County Justice Court. Smith pled and was found guilty of disorderly conduct in that same court.

Hopkins and Smith brought this lawsuit against the Lowndes County Sheriff's Department, Lowndes County Chancery Clerk, Lowndes County, and Deputy Robbie Robertson alleging, under Section 1983, that their constitutional rights under the Fourth, Fifth, and Fourteenth Amendment were violated, and that Defendants committed state law negligence and assault and battery against them.

Defendants have filed a Motion for Summary Judgment and Motion to Dismiss on the grounds that judgment as a matter of law on Plaintiffs' claims is proper.

*Applicable Standards*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In

reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).  However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

The Defendants also bring a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). The ultimate issue in a Rule 12(b)(6) motion is whether the plaintiffs' complaint states a valid claim when viewed in the light most favorable to the plaintiffs. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court is not to strain to find inferences favorable to the plaintiffs, nor is it to accept conclusory allegations, unwarranted deductions, or legal conclusions. R2 Invs. LDC v. Phillips, 401 F.3d 638, 642 (5th Cir. 2005). The Court does not evaluate the plaintiffs' likelihood of success. Instead, it tests the sufficiency of the allegations in the complaint to determine whether they are adequate to state a claim upon which relief can be granted. Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).

*Discussion and Analysis*

The Lowndes County Sheriff's Department, the Lowndes County Chancery Clerk, Lowndes County, Mississippi, and Deputy Robbie Robertson, in his official and individual capacities, seek to invoke the protections of qualified immunity and the Heck v. Humphrey

doctrine. The Plaintiffs have failed to respond to the motion. Because Plaintiffs are Heck-barred from bringing their false arrest and excessive force claims, and have failed to state a claim under the Fifth Amendment, the Court declines to address qualified immunity.

*Heck v. Humphrey*

Pursuant to Heck v. Humphrey, where a plaintiff in a Section 1983 civil suit seeks to challenge a criminal conviction, the Court must first determine if a judgment in favor of the plaintiff in the § 1983 action would imply that the conviction or sentence was invalid. Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (barring civil suits under Section 1983 that challenge the validity of a criminal conviction). If so, the plaintiff must show that his conviction was reversed on direct appeal, expunged by executive order, invalidated by other state means, or called into question by the issuance of a federal habeas writ. Id. at 486-7, 114 S. Ct. 2364; Penley v. Collin County, Tex., 446 F.3d 572, 573 (5th Cir. 2006).

"In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." Ramirez v. Martinez, 716 F.3d 369, 375 (5th Cir. 2013) (emphasis omitted) (quoting Flores v. City of Palacios, 381 F.3d 391, 402 (5th Cir. 2004)).

Plaintiffs' false arrest claims are most certainly disguised challenges to their state court convictions of resisting arrest and disorderly conduct. Plaintiffs cannot present a false arrest claim without alleging that the arrest was improper. Plaintiffs pled guilty to at least one count for which they were arrested and were found guilty by a court of law as to the other counts. As

4

Plaintiffs have failed to present evidence that these convictions have been invalidated in any way, the Court finds that claim to be Heck-barred. See Club Retro, LLC v. Hilton, 568 F.3d 181, 204 n.18 (5th Cir. 2009) (because an essential element of the plaintiff's false arrest claim is that the arrest was illegal, granting the relief requested civilly would necessarily imply the validity of the plaintiff's convictions; therefore the false arrest claim is Heck-barred). Plaintiff's false arrest claim is dismissed.

Plaintiff's excessive force claim is Heck-barred as well. The Fifth Circuit has held that a "§ 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by Heck, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim. " Bush v. Strain, 513 F.3d 492, 498 (5th Cir. 2008). Accordingly, "a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance." Id.; see also Walter v. Horseshoe Entert't, No. 11-30867, 483 F. App'x 884, 2012 U.S. App. LEXIS 11413, 2012 WL 2041536 at *2 (5th Cir. June 6, 2012) (per curiam) (Heck barred 1983 excessive force claim because "a successful claim of excessive force would necessarily undermine [a] conviction for resisting arrest") (quoting Thomas v. Louisiana State Police, 170 F.3d 184, 184 (5th Cir. 1999)); Arnold v. Town of Slaughter, 100 F. App'x 321, 324-25 (5th Cir. 2004) (holding that plaintiff's claims were "distinguishable from excessive force claims that survive Heck's bar" because plaintiff's claims were "not that the police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop his resistance. Instead, [the plaintiff] claim[ed] that he did nothing wrong, but was viciously attacked for no reason"); Walker v. Munsell, 281 F. App'x. 388, 390 (5th Cir. 2008) (same); Stephens v. Scott, 244 F. App'x. 603, 605 (5th Cir. 2007) (Heck barred

excessive force claim because it was necessarily inconsistent with conviction of resisting arrest under Texas law, which required resisting an officer by force); Thomas, 170 F.3d 184 (Heck bar applied "because a successful claim of excessive force would necessarily undermine [plaintiff's] conviction for resisting arrest") (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996)).

Plaintiffs claim that while being arrested, Cecily Hopkins was "slammed to the ground" and was then "place in a head lock that hindered her breathing" during her arrest. She contends she sustained abrasions and contusions in multiple locations. Plaintiff Hopkins claims in her Complaint that she did not "initiate any physical contact with Defendant Robertson to provoke this attack." However, Robertson's report states that in the process of arresting Hopkins, she "started moving around erratically, trying to keep me from finishing handcuffing her." After the handcuffs were secure, Robertson contends that she "would not stop 'thrashing' around and continued to[] try and pull away from my grasp of her arm, and I had to place Cicely onto the ground and hold her there."

Here, there is no evidence that excessive force was used on Hopkins after her "thrashing" ceased. Based upon the record before the Court, the factual basis for Hopkins' excessive force claim and her arrest relate to a single interaction. Therefore, Heck applies, and this claim is dismissed in its entirety.

*Fifth Amendment Takings Claim*

Plaintiffs allege a Fifth Amendment claim in their Complaint, but fail to provide the requisite evidence to hold any Defendants liable. Plaintiffs have not plead what property was taken, nor if any of the state law exhaustion requirements were met. Moreover, "[t]he Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000). Plaintiffs have not alleged

that any of the Defendants acted under any federal authority. Accordingly, Plaintiffs' Fifth Amendment claim is dismissed.

*Fourteenth Amendment Claim*

Plaintiffs' Complaint asserts a Fourteenth Amendment violation without further explanation. The Court finds that the Fourteenth Amendment violation is essentially a Fourth Amendment claim. Plaintiffs' Complaint is based on allegations that Defendants used excessive force during the incident in which they were arrested. This is a claim properly brought and analyzed under the Fourth Amendment. See Graham v. Connor, 490 U.S. 396, 393-34, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (where an "excessive force claim arises in the context of an arrest of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment") (citation omitted). Plaintiffs additionally failed to defend this claim in response to either motion. Accordingly, summary judgment is entered in favor of Defendants on Plaintiffs' Fourteenth Amendment claims.

*State Law Claims*

Plaintiffs also allege state law claims of assault and battery and negligence under the Mississippi Tort Claims Act and Mississippi common law. However, because Defendants are entitled to summary judgment on Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over their remaining state law claims. See 28 U.S.C. § 1367(3); Parker & Parsley Petro. Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992) ("general rule is to dismiss state law claims when the federal claims to which they are pendent are dismissed"). Plaintiffs' state law claims with be dismissed without prejudice.

*Conclusion*

Plaintiffs' false arrest and excessive force claims are barred by the Heck doctrine. Plaintiffs have failed to state a claim under the Fifth or Fourteenth Amendments. Because the federal claims are dismissed from this case, the Court declines to exercise supplemental jurisdiction over those remaining state law claims. Plaintiffs' claims are DISMISSED, and this case is CLOSED.

SO ORDERED, this the 1st day of August, 2014.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**